MCGREGOR W. SCOTT
United States Attorney
THOMAS M. NEWMAN
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:19-CR-00254-NONE-SKO |
| Plaintiff, | STIPULATION TO CONTINUE |
| v. | |
| EDUARDO LEON, | |
| Defendant. | |

      This case is set for a hearing on August 31, 2020, which the parties stipulate to continue to September 3, 2020 for a change of plea hearing for the reasons set forth below. On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020. This General Order was entered to address public health concerns related to COVID-19.

      Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  The Government's position is that although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff, United States of America, by and through its counsel of record, and defendant EDUARDO LEON, by and through defendant's counsel of record, stipulate to continue the hearing in this matter, which is currently set for August 31, 2020, until September 3, 2020.  In support thereof, the parties stipulate that:

1. The Defendant, EDUARDO LEON, is currently charged with a violation of 18 U.S.C. § 922(g) – felon in possession of a firearm.  The defendant is continuing to review the discovery and needs time to do so.
2. The government has provided discovery and supplemental discovery.  The government also provided a proposed plea agreement, which the defendant is prepared to enter on September 3, 2020.  For that reason, the parties agree that a continuance until September 3, 2020, is warranted for a change of plea.  Prior to filing this stipulation, the parties conferred with the courtroom deputy for the assigned district court judge (NONE), who indicated this date is available for a change of plea.
3. The parties stipulate that the period of time from August 31, 2020, through September 3, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Dated:  August 25, 2020                          MCGREGOR W. SCOTT
                                                 United States Attorney

                                          By:    /s/ THOMAS NEWMAN
                                                 THOMAS NEWMAN
                                                 Assistant United States Attorney

Dated: August 25, 2020                           /s/ ALEKXIA TORRES
                                                 Attorney for Defendant
                                                 EDUARDO LEON

STIPULATION

**O R D E R**

IT IS ORDERED that the status hearing set for August 31, at 1:00 p.m. is continued until September 3, 2020, for a change of plea hearing before the District Judge Dale Drozd.

IT IS FURTHER ORDERED THAT the period of time from August 31, 2020, through September 3, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:  **August 26, 2020**                    /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE

STIPULATION                                  4